UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ANDREW BATISTA AND EDDIE FERRER              25 CV 6658

                Plaintiffs,

                                                              **COMPLAINT**

   -against-

                                                               JURY DEMAND

THE CITY OF NEW YORK, P.O. CENOBIO
RAMIREZ (# 977642), P.O. MATTHEW HUTSON
(# 977556), SERGEANT MAX CHEUNG (# 958401),
MOHAMMED FADEL (#976108) AND P.O. PHILIP
IOANNOU (# 973482),

                Defendants.
-------------------------------------------------------X

      Plaintiffs, by their attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants herein, The City of New York, P.O. Cenobio Ramirez, P.O. Matthew Hutson, Sergeant Max Cheung, Mohammed Fadel and Philip Ioannou (collectively, "Defendants"), respectfully alleges as follows:

NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.    As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## NOTICE OF CLAIM

4. Plaintiffs, in furtherance of their state causes of action, filed timely notice of claim against the City of New York, in compliance with General Municipal Law Section 50.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6. This action has been commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

## THE PARTIES

7. The plaintiff, Andrew Batista, was at all times material herein, a resident of the City and State of New York.

8. The plaintiff, Eddie Ferrer, was at all times material herein, a resident of Kings County, New York.

9. Defendant The City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

10. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

11. Defendant P.O. Cenobio Ramirez [Tax Reg. #977642], was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

12. Defendant P.O. Matthew Hutson [Tax Reg. #977556], was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

13. Defendant Sergeant Max Cheung [Tax Reg. #958401], was at all times material herein a Sergeant or police officer employed by the NYPD. He is named here in his official and individual capacities.

14. Defendant P.O. Mohammed Fadel [Tax Reg. #976108], was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

15. Defendant P.O. Philip Ioannou [Tax Reg. #973482], was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

16. Defendants Ramirez, Hutson, Cheung, Fadel and Ioannou are collectively referred to herein as "defendant officers".

17. At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18. On or about July 21, 2024, at approximately 4:00 p.m., defendant officers, acting in concert, arrested plaintiffs without probable cause in front of 523 Broadway near intersection with Spring Street, Manhattan, New York, and detained them for many hours, and charged plaintiffs with N.Y. PL 165.30(1) 'Fraudulent Accosting' and N.Y. PL 225 'Promoting Gambling'.

19. Plaintiff Eddie Ferrer was additionally charged with N.Y. PL 265.01 (1) Criminal Possession of a Weapon in the Fourth Degree.

20. The plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

21. Prior to their arrest, plaintiffs were out in SoHo Manhattan shopping and had gone to various stores.

22. Then plaintiffs were walking on the street when they saw a crowd of people in a circle watching about three guys playing a game of tops on a box.

23. Plaintiffs stopped and joined the crowd watching the game.

24. As plaintiffs stood there with other people watching the game, suddenly the three guys who were playing the game jumped up and dispersed in different directions.

25. Almost immediately, defendant officers Ramirez and Hutson arrived, grabbed the plaintiffs and told them that they were under arrest.

3

26. The officers called for back-up and more officers arrived in various police vehicles.

27. Defendant officers tightly handcuffed the plaintiffs with their hands placed behind their backs causing the plaintiffs to experience pain and numbness.

28. Defendant officers subjected the plaintiffs to an illegal search.

29. Defendant officers did not recover any contraband from their unlawful search of plaintiffs.

30. Plaintiffs inquired on multiple occasions as to the reason for their arrest.

31. Defendant officers did not respond to the plaintiffs' inquiries.

32. Then defendant officers forcibly placed the plaintiffs inside separate police vehicles and transported the plaintiffs to the 1st Precinct where plaintiffs were processed, or otherwise photographed and fingerprinted.

33. Thereafter, plaintiffs were placed in a holding cell without yet being told the reason for their arrest.

34. After detaining the plaintiffs at the precinct for about twelve (12) hours, plaintiffs were issued Desk Appearance Tickets (DAT) and thereafter released. It was at this time that plaintiffs were for the first time advised of the reason for their arrest.

35. Plaintiff Batista was issued a DAT indicating offense charged as N.Y. PL 165.30(1) 'Fraudulent Accosting' and N.Y. PL 225 'Promoting Gambling', and which mandated him to report to the New York County Criminal Court on August 8, 2024, in defense of criminal charges.

36. Plaintiff Ferrer was issued a DAT indicating offense charged as N.Y. PL 165.30(1) 'Fraudulent Accosting', N.Y. PL 225 'Promoting Gambling', and N.Y. PL 265.01 (1) Criminal Possession of a Weapon (Switchblade knife) and which mandated him to report to the New York County Criminal Court on August 8, 2024, in defense of criminal charges.

37. At some point following their arrest, defendant officers met with prosecutors employed by the New York County District Attorney's Office.

38. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiffs committed the charged offense(s), and later forwarded to the prosecutors their falsified police records and reports.

39. However, after reviewing the records received from the defendant officers, the District Attorney's Office declined to prosecute the plaintiffs.

40. As a result of the aforesaid actions by defendants, plaintiffs suffered serious physical injuries, emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage to reputation.

## FIRST CAUSE OF ACTION: FALSE ARREST UNDER 42 U.S.C. §1983 - against defendant officers

41. Plaintiffs incorporate by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

42. Defendant officers arrested the plaintiffs and caused them to be imprisoned without probable cause or reasonable grounds.

43. The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment.

44. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

45. Consequently, the plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SECOND CAUSE OF ACTION: UNLAWFUL SEARCH & SEIZURE UNDER 42 U.S.C. §1983 - against defendant officers

46. Plaintiffs incorporate by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

47. The defendant officers searched or caused the plaintiffs and/or their property to be searched without any individualized reasonable suspicion that they were concealing weapons or contraband.

48. The conduct of defendant officers, as described herein, amounted to an improper and unlawful search and seizure.

49. The foregoing unlawful search violated plaintiffs' right to privacy guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

50. Consequently, the plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: EXCESSIVE USE OF FORCE UNDER 42 U.S.C. § 1983 - against defendant officers

51. Plaintiffs incorporate by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

52. Defendants' use of force against plaintiffs were unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted the defendants.

53. The unlawful conduct of the defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

54. The foregoing conduct of the defendants violated plaintiffs' rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

55. Consequently, the plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL UNDER 42 U.S.C. § 1983 - against defendant officers

56. Plaintiffs incorporate by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

57. Defendant officers manufactured evidence of criminality against the plaintiffs likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiffs.

58. In addition to other things, defendant officers falsely stated to the prosecutors that the plaintiffs were observed to be street gambling and manipulating 3 cards on top of a cardboard box with the intent to defraud another and was observed exchanging U.S. currency with other participants.

59. The plaintiffs were deprived of their liberty as a result.

60. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

61. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

62. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FAILURE TO INTERVENE UNDER 42 U.S.C. §1983 - against defendant officers.

63. Plaintiffs incorporate by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

64. Each defendant officer had an affirmative duty to intervene on the plaintiffs' behalf to prevent the violation of their constitutional rights, as more fully detailed above.

65. Nonetheless, each defendant officer failed to intervene on the plaintiffs' behalf to prevent the violation of their constitutional rights, despite having had a realistic and reasonable opportunity to do so.

66. The conduct of the defendant officers, as described herein, violated plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

67. Consequently, the plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SIXTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY UNDER 42 U.S.C. § 1983 - against defendant City.</u>

68. Plaintiffs incorporate by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

69. Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the constitutional prohibition against racial profiling, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

70. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs on the pretext that they were involved in gambling and other crimes.

71. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

72. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), this Court observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

73. In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD,

      engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

74. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD-17th Precinct alleging, among other things, that the police officers falsely arrested and/or maliciously prosecuted the plaintiffs without probable cause.

75. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

76. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiffs herein.

77. Defendant City of New York maintained the above-described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

78. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process, as guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

79. Consequently, the plaintiffs have been damaged and hereby demand compensatory damages in an amount to be proven at trial against the defendants, individually and severally.

<u>SEVENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION ARTICLE 1, §§ 5, 6, 11 & 12 – against defendants</u>

80. Plaintiffs incorporate by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

81. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

82. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

83. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

84. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of the plaintiffs' state constitutional rights.

85. Consequently, the plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHT CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) – against defendant officers.

86. Plaintiffs incorporate by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

87. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

88. Consequently, the plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants.

89. Plaintiffs incorporate by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

90. As a result of the conduct of defendant officers, the plaintiffs sustained bodily injuries with the accompanying pain.

91. The conduct of the defendants, as described herein, amounted to assault and battery.

92. Consequently, the plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City.

93. Plaintiffs incorporate by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

94. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures,

the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

95. Upon information and belief, Defendant City failed to properly screen, hire and/or retain the defendant officers.

96. Upon information and belief, Defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiffs.

97. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

98. Upon information and belief, the defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

99. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and,

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury.

Dated: Brooklyn, New York
August 12, 2025

/s/ Philip Akakwam
Law Office of Philip Akakwam, P.C
303 Livingston St., 2nd Floor
Brooklyn, NY 11217
(718) 858-2488
Email: pakakwam@gmail.com